## WELCH *v.* SULLIVAN *et al.*

Where the defendant in ejectment occupied and improved the land *bona fide,* under color of title, the improvements erected by him constitute an equitable set-off, to the extent of their value, to the damages recovered by the plaintiff for the withholding of possession.

On rehearing.  The report of this case will be found on page one hundred and sixty-five of this volume.

*Nathaniel Bennett* for Appellants.

*Saunders & Hepburn* for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This case was decided at the July Term of this Court, and a petition made for a re-hearing.

Upon a careful examination of the record in this case, we are satisfied that the late Chief Justice who delivered the opinion of the Court, was mistaken in reference to some matters of fact, as well as in the reasons given by him in support of one or two of his positions.

In reference to the right to set-off the value of the improvements against the damages, it appears that the defendants claimed it upon two grounds:

1. Under the act of 1856 for the protection of settlers; and

2. Under the Practice Act.

The testimony shows that a part of the improvements were made before the commencement of the suit.  The facts of the case show that the defendants occupied and improved the premises, *bona fide,* under color of title.  It is a very clear case of equitable set-off.

The instruction given by the Court, that if the jury found the Limantour claim fraudulent, they should find for the plaintiff, we think was correct, but not for the reasons assigned in the opinion of the Chief Justice.

The plaintiff never had been in the actual possession of the property, nor had those through whom she claimed.  The defendant, Sullivan, had been in actual possession since 1847.  This being the case, the plaintiff could only recover upon her strict legal title.  Whether the defendants connected themselves with the Limantour title or not, they had a right to show that he, and not the plaintiff, had the title derived originally from the Mexican Government.  The nature of the plaintiff's title was such, that it could not be merely *prima facie,* but must be conclusive, if it existed at all.  If the title was in Limantour on

the seventh of July, 1846, then the city had no title whatever at the date of the sheriff's sale, under the Peter Smith judgment, and none passed to the plaintiff's grantor.

But under the state of testimony in this case, it was clear that the true title was either in the plaintiff, or in Limantour. The premises were proved to be *within* the city limits, and *without* the limits of the *Sherrebeck* grant, under which the defendants claimed; and the conclusion was, therefore, invincible, that if the Limantour grant was void, the title must be in the plaintiff. If the title had not passed to Limantour, then it passed to the city by the act of Congress; and if in the city, it passed from the city, by regular chain of title, to the plaintiff. As to whether the title passed to the city, and from the city to the plaintiff, there was nothing for the jury to decide. These questions were properly decided by the Court, upon the act of Congress, and the deeds put in evidence. The only question then left for the jury, was, whether the Limantour grant was a forgery or not. If a forgery, it was void, and the jury were bound to find for the plaintiff.

The objection taken by the counsel of defendants to the admission of the deeds in evidence, through which plaintiff deraigned her title, we do not think well founded. But we arrive at this conclusion from other reasons than those given by the Chief Justice. The deeds were properly admitted, because they were properly acknowledged, and their execution was conceded. The only objection made by the counsel to the certificates of acknowledgment was in not "stating that the party was *personally* known to the notary."

For the reasons stated, we think the judgment of the Court below should be so modified as not to allow the plaintiff any damages, as the value of the improvements exceeded the value of the rents and profits. The Court below will modify its judgment accordingly, and the appellants will be entitled to the costs of their appeal.